**SO ORDERED.**

**SIGNED this 11 day of April, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:

VERONICA C. GREEN,                          CASE NO. 11-04026-8-JRL
                                            CHAPTER 7
    DEBTOR.

## ORDER

This matter came before the court on the Bankruptcy Administrator's ("BA") motion to dismiss the debtor's case for abuse. A hearing was held on April 10, 2012, in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 20, 2011. The BA filed a statement of presumed abuse on July 1, 2011. The debtor filed her amended chapter 7 statement of current monthly income and means-test calculation ("Official Form") on July 14, 2011.[1] On July 29, 2011, the BA filed the present motion to dismiss for abuse, pursuant to § 707(b)(1), arguing that the debtor improperly filled out her

---

[1] The purpose of the Official Form is to determine whether a presumption of abuse arises pursuant § 707(b)(2). The Official Form shows the debtor's calculations as required by § 707(b)(2)(A), commonly referred to as the "means test." Pursuant to § 707(b)(2), if a debtor's means test shows an ability to repay some portion of his debts, then there is a presumption of abuse, and, absent special circumstances, the case must either be converted to chapter 13 or dismissed. 11 U.S.C. § 707(b)(2).

Official Form, and once corrected, a presumption of abuse would arise, pursuant to § 707(b)(2). Specifically, the BA contends that debtor took an inappropriate deduction on Line 17 of the Official Form as a marital adjustment.

Line 17 of the Official Form allows the debtor to deduct income of the debtor's spouse that is "NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents." The debtor is instructed to "specify the basis for excluding the [spouse's income] . . . and the amount of income devoted to each purpose." In this case, the debtor listed the sum of $3,913.02 on Line 17 as a marital adjustment, providing only the phrase "Husband's Expenses" as the basis for the deduction.[2] Pursuant to the BA's request, the debtor provided a breakdown of the monthly expenses of the non-filing spouse. According to the breakdown provided by the debtor, the following expenses were included within the amount listed on Line 17: mortgage – $1,344.02; electricity – $237.00; cable/internet/telephone – $220.00; trash pick-up – $71.00; home maintenance – $300.00; and household cleaning supplies – $75.00. The BA contends that these household expenditures, which are paid for by the debtor's non-filing spouse, are for the benefit of the debtor and cannot be included within the marital adjustment. Furthermore, the BA contends that correcting the debtor's marital adjustment results in a positive monthly disposable income, and therefore, the presumption of abuse arises in the present case. Neither the debtor nor debtor's counsel filed a response to the BA's motion or appeared at the hearing.

The court finds that the debtor's Official Form, and more specifically Line 17, was filled out in a manner that was legally and factually incorrect. This was not a small mistake. The debtor's marital adjustment was inflated by thousands of dollars. The court finds that when this

---

[2] It is worth noting that the debtor failed to include her spouse's income on Schedule I.

miscalculation is corrected, the § 707(b)(2) presumption of abuse applies to this case.

Based on the foregoing and the lack of opposition, the BA's motion to dismiss for abuse is **ALLOWED**, but this dismissal is stayed until such a time as the following action may be taken—debtor's counsel, R. Dannette Underwood, is ordered to show cause why she should not be sanctioned for completing the Official Form in a way that is unwarranted by existing law, pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(B).  The hearing on the order to show cause is set for May 3, 2012  at 11:30 a.m., in Raleigh, North Carolina.

**END OF DOCUMENT**